UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATT PASQUINELLI AND BRYAN PAYSEN, individually and on behalf of all others similarly situated,<br><br>          Plaintiffs,<br><br>vs.<br><br>HUMBL, LLC, BRIAN FOOTE, JEFFREY HINSHAW, and GEORGE SHARP,<br><br>          Defendants. | Case No.: 22-cv-0723 AJB BLM<br><br>**ORDER RE FINDINGS ON MATT PASQUINELLI AND ALFRED MILLER'S JOINT MOTION TO APPOINT CO-LEAD PLAINTIFFS AND CO-LEAD COUNSEL**<br><br>**(Doc. Nos. 20, 22)** |

   Before the Court was a Joint Motion filed by Plaintiff Matt Pasquinelli ("Pasquinelli") and Movant Alfred Miller ("Miller") to appoint them as Co-Lead Plaintiffs and their chosen counsel Roche Freedman and Scott+Scott as Co-Lead Counsel in this putative class action (hereinafter, "Joint Motion"). (Doc. No. 20.) Several other movants filed requests for appointment as lead plaintiff. (Doc. Nos. 9, 11, 12, 14.) Recognizing, however, that Pasquinelli and Miller appear to have the largest financial interest among the movants, all either withdrew their motion or filed a notice of non-opposition to Pasquinelli's and Miller's appointment (Doc. Nos. 16, 17, 18, 19.) On August 12, 2022,

the Court granted the Joint Motion. The following are findings and conclusions supplementing the Court's August 12 Order.

## I.  BACKGROUND

On May 19, 2022, Plaintiffs Matt Pasquinelli and Bryan Paysen filed a federal securities action against HUMBL, LLC (the "Company"), its Chief Executive Officer, Brian Foote, its Chief Financial Officer, Jeffrey Hinshaw, and its Capital Markets Advisor, George Sharp (collectively, "Defendants"), claiming that they violated the Securities Exchange Act of 1934 (the "Exchange Act"). (Doc. No. 1.) Plaintiffs bring this Complaint on behalf of a class consisting of all persons and entities other than Defendants that purchased or otherwise acquired HUMBL common stock and/or the unregistered HUMBL ETX securities between November 21, 2020 and the filing of this action (the "Class Period"). (*Id.* at 2.) According to the Complaint, Defendants made materially false and misleading statements about the Company's business and operations—namely, that the HUMBL Pay App did not have the basic functionality that investors were promised and that several of its hyped international business partnerships had a very low chance of contributing material revenues to the Company's bottom line. (*Id.*) The Complaint also contains allegations that Defendants engaged in wrongful acts and omissions in selling a series of highly speculative unregistered securities called BLOCK Exchange Traded Index ("ETXs") products, which purported to simplify digital asset investing for customers seeking exposure to cryptocurrency investments. (*Id.* at 2–3.)

The Joint Motion to appoint Co-Lead Plaintiffs and Co-Lead Counsel pursuant to section 21D(a)(3)(B) of the Exchange Act, as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u–4(a)(3)(B), followed.

## II.  APPOINTMENT OF LEAD PLAINTIFF

Under the PSLRA, the district court "shall appoint as lead plaintiff the member or members of the purported class that the court determines to be the most capable of adequately representing the interest of the class members[.]" 15 U.S.C. § 78u-4(a)(3)(B)(i). The PSLRA creates a rebuttable presumption that the most adequate plaintiff should be the

plaintiff who: (1) has filed the complaint or brought the motion for appointment of lead counsel in response to the publication of notice, (2) has the "largest financial interest" in the relief sought by the class, and (3) otherwise satisfies the requirements of Federal Rule of Civil Procedure 23 ("Rule 23"). *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa)–(cc). The presumption may be rebutted only upon proof that the presumptive lead plaintiff: (1) will not fairly and adequately protect the interests of the class or (2) is subject to "unique defenses" that render such plaintiff incapable of adequately representing the class. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa)–(bb). By its terms, the PSLRA "provides a simple three-step process for identifying the lead plaintiff" in a private securities class action litigation. *See In re Cavanaugh*, 306 F.3d 726, 729 (9th Cir. 2002).

### A. Notice Publication

"The first step consists of publicizing the pendency of the action, the claims made and the purported class period." *Id.* Specifically, the plaintiff must publish, "in a widely circulated national business-oriented publication or wire service", a notice advising (1) pendency of the action, the claims, and the class period and (2) that any class member can move to become lead plaintiff within 60 days of the notice. 15 U.S.C. § 78u–4(a)(3)(A)(i)(II).

Here, Plaintiff Pasquinelli's counsel published notice of this action on May 20, 2022, one day after filing the Complaint. The Court finds that the notice, which is published via *Globe Newswire* and attached to Pasquinelli's and Miller's moving papers, satisfies the statutory notice requirements. (Doc. Nos. 10-2 at 2; 10-3; 13-2 at 2; 13-7.) Pasquinelli and Miller timely moved to become lead plaintiff because they filed their motions within 60 days of the notice.[1] Accordingly, the Court finds that Pasquinelli and Miller have satisfied the procedural requirements necessary to serve as lead plaintiffs.

---

[1] Prior to filing the Joint Motion (Doc. No. 20), Pasquinelli and Miller had filed their own separate motions for appointment as lead plaintiff (Doc. Nos. 10, 13).

### B. Loss Suffered and Rule 23 Requirements

At the second step, "the district court must consider the losses allegedly suffered by the various plaintiffs," and select as the "presumptively most adequate plaintiff . . . the one who has the largest financial interest in the relief sought by the class and otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." *In re Cavanaugh*, 306 F.3d at 729–30 (internal citations omitted).

Here, based on the number of shares purchased during the class period and approximate losses suffered, the record indicates that Miller has the largest financial interest in the relief sought by the Common Shares Purchaser Class, and Pasquinelli has the largest financial interest in the relief sought by the BLOCK ETX Purchaser Class. (Doc. Nos. 10-5; 13-4; 20.) As previously noted, none of the other movants filed an opposition or otherwise contested Pasquinelli's and Miller's claims to having the largest financial interest in this case. Consequently, based upon the information available in the record, the Court finds that Pasquinelli and Miller have the largest financial interest in the relief sought by the BLOCK ETX Purchaser Class and by the Common Shares Purchaser Class, respectively. (Doc. Nos. 10-5; 13-4; 20.)

Having found that Pasquinelli and Miller have the largest financial interest, the Court turns to whether, based on pleadings and declarations, they satisfy the requirements of Rule 23(a), in particular "typicality" and "adequacy." *See In re Cavanaugh*, 306 F.3d at 730. Because the typicality and adequacy elements are the focus at this stage, the Court defers analysis on Rule 23's other requirements (i.e., impracticability and common questions) until the class certification stage. *See id.*

Typicality is satisfied "if the claims or defenses of the representative parties are typical of the claims or defenses of the class." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998) (citation omitted). The test "is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *Hanon v. Dataproducts Corp.,* 976 F.2d 497, 508 (9th Cir. 1992) (internal

quotation marks and citation omitted). Here, Pasquinelli and Miller, like all class members, acquired HUMBL common stock and/or the unregistered HUMBL ETX securities during the Class Period at prices artificially inflated by Defendants' materially false and misleading statements, and suffered losses because of the alleged misconduct. There is no indication that Pasquinelli and Miller are not typical members of the class, nor is there any opposition to their motion. Accordingly, the Court finds that Pasquinelli and Miller have sufficiently demonstrated typicality.

Next, to determine adequacy, the Court asks "two questions: (1) Do the representative plaintiffs and their counsel have any conflicts of interest with other class members, and (2) will the representative plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003) (citation omitted). Because Miller has the largest financial interest in the relief sought by the Common Shares Purchaser Class, and Pasquinelli has the largest financial interest in the relief sought by the BLOCK ETX Purchaser Class, the Court deems it appropriate to consider appointing them as co-lead plaintiffs to ensure adequate representation of the sub-groups within the putative class. *See In re Outerwall Inc. S'holder Litig.*, No. C16-1275JLR, 2017 WL 881382, at *9 (W.D. Wash. Mar. 6, 2017) ("[D]istrict courts have appointed co-lead plaintiffs where it is necessary to ensure that all plaintiffs are adequately represented.")

Here, Pasquinelli's and Miller's filings indicate their willingness to serve as co-lead plaintiffs and commitment to achieving the best possible result for, and protecting the interests, of the Class. There appears to be no antagonism between their interests and those of the Class. Moreover, having reviewed Roche Freedman's and Scott+Scott's firm resumes, the Court finds Pasquinelli and Miller, together with their chosen counsel, can vigorously prosecute this action on behalf the Class. *See Staton*, 327 F.3d at 957. Accordingly, the Court finds that Pasquinelli and Miller meet Rule 23's adequacy requirement and thus are the presumptive lead plaintiffs.

### C.     Rebuttable Presumption

Finally, at the third step, the district court "give[s] other plaintiffs an opportunity to rebut the presumptive lead plaintiff's showing that it satisfies Rule 23's typicality and adequacy requirements." *In re Cavanaugh*, 306 F.3d at 730. There being no objections to Pasquinelli's and Miller's requests for appointment as lead plaintiffs nor questions raised regarding their qualifications by any party, the presumption afforded to them has not been rebutted. Thus, the Court **GRANTS** Pasquinelli and Miller's Joint Motion to appoint them as Co-Lead Plaintiffs.

## III.    APPOINTMENT OF LEAD COUNSEL

The PSLRA provides that the "most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v). The statute "evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention." *In re Cavanaugh*, 306 F.3d at 734 n. 14. Here, Pasquinelli and Miller request the Court appoint their selections of Roche Freedman and Scott+Scott to serve as Co-Lead Counsel. They represent that "counsel for Miller and counsel for Pasquinelli have worked together effectively and efficiently in other securities class action cases." (Doc. No. 20 at 4.) A review of the firms' resumes reveal that both Roche Freedman and Scott+Scott have prosecuted numerous securities fraud class actions on behalf of investors, and have the resources and experience to effectively manage the class litigation. (Doc. Nos. 10-6; 13-6.) There has been no opposition to the requests for appointment of counsel. Accordingly, the Court **GRANTS** Pasquinelli and Miller's request to appoint Roche Freedman and Scott+Scott Co-Lead Counsel.

//
//
//
//
//

## IV. CONCLUSION

Pursuant to 15 U.S.C. § 78u-4(a)(3)(B), the Court **APPOINTS** Pasquinelli and Miller as Co-Lead Plaintiffs and **APPOINTS** Roche Freedman and Scott+Scott as Co-Lead Counsel in this action for the reasons stated in the Court's August 12 Order and supplemented herewith. (Doc. No. 20.)

**IT IS SO ORDERED**.

Dated: August 15, 2022

Hon. Anthony J. Battaglia
United States District Judge